UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREW TATER,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF FRESNO, et al.,<br><br>          Defendants. | 1:10-CV-00088 OWW SMS<br><br>ORDER DIRECTING PLAINTIFF TO FILE COMPLAINT |

   The Clerk of Court opened this case upon *pro se* Plaintiff's filing of a motion for preliminary injunction, Doc. 1, and a request to proceed *in forma pauperis*, Doc. 6.  However, Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a <u>complaint</u> with the court." (Emphasis added.)  Rule 8 explains that a complaint must contain:

>    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff, who has filed other cases in this court, *e.g., Tater-*

1

*Alexander v. Amerjan, et al.*, 1:09-cv-00372 OWW SMS, has not yet filed a complaint in this case.[1]

Plaintiff is therefore instructed to file a complaint. If he chooses to do so, the district court will then address Plaintiff's pending motions. If Plaintiff fails to file a complaint within thirty (30) days of service of this order, his case will be dismissed.

SO ORDERED
Dated:   January 26, 2010

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge

---

[1] Plaintiff's filing of a "Civil Cover Sheet," Doc. 7, is insufficient, as that document clearly explains that a "civil cover sheet and the information contained [therein] neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court." Eastern District of California Local Rule 200 confirms that "matters appearing only on the civil cover sheet have no cognizable effect in the action."

2